S. H. EPSTEIN, Doing Business as TENNESSEE BAG & BURLAP
CO. v. TEXAS BAG & BURLAP COMPANY.

Western Section.   May 11, 1928.

No petition for Certiorari was filed.

A. E. Horn, of Memphis, for plaintiff in error.

Canada, Williams & Russell, of Memphis, for defendant in error.

SENTER, J.  The parties will be referred to as in the court below, plaintiff and defendant.  This suit originated by original attachment in the circuit court of Shelby county.  The declaration avers that on April 27, 1926, plaintiff purchased from the defendant a quantity of washed Porto Rican bags at the price of 17¢ per bag, consisting of 170 bales, and 250 bags to the bale, and that the defendant made delivery of only 122 bales of said bags, and that said purchase was made on a contract between the parties.  It is averred in the declaration that the market value of the bags of the quality purchased had advanced, and that by reason of the failure of the defendant to ship the entire number of bags according to the contract, plaintiff sustained a loss of $480.  It is also averred in the declaration that the defendant further breached the con-

tract in not making a shipment of the bags which were shipped to the points designated for delivery resulting in increased freight charges of $54.93. It is further averred in the declaration that among the number of bags shipped were 3,000 unwashed bags worth 3½¢ per bag less than the washed bags, and that this item amounted to $165. It was further alleged in the declaration that because of certain fraudulent misrepresentations upon the part of the defendant, the plaintiff was forced to accept and pay for 50,000 sacks at a loss of $1000. The total amount aggregating $1699.93, for which plaintiff sued, together with interest thereon.

The defendant filed three pleas to the declaration: First, that the defendant does not owe the plaintiff as he has alleged in his declaration. Second, that it did not promise as the plaintiff has alleged in his declaration. The third plea is a plea of accord and satisfaction and is in the following language:

"For further plea, defendant O. Wolfe, states that prior to the institution of this action and prior to August 27, 1926, there were a number of unsettled claims which the plaintiff was pressing against the defendant, and there were also a number of claims which this defendant was pressing against plaintiff for payment. On the 27th day of August, 1926, the plaintiff entered into an agreement with this defendant whereby all of these matters were adjusted, and the matters complained of in the declaration were embraced in said agreement, a copy of which is hereto attached as Exhibit 'A,' and now the said agreement is pleaded as a bar to the declaration."

The agreement referred to in the special plea of defendant above quoted, is as follows:

"The State of Texas,

"County of Harris.

"Witnesseth: This final agreement and settlement entered into on this the 27th day of August, A. D., 1926, between S. H. Epstein, owner of the Tennessee Bag & Burlap Company, of Memphis, Tennessee, hereinafter called party of the first part, and Oliver Wolfe, owner of the Texas Bag & Burlap Company, of Houston, Harris county, Texas, hereinafter called the party of the second part: ,

"The party of the first part has this day received one hundred twenty (120) bales of standard one and three-fourths pound washed blue strip Cuban sugar bags, 36,000 yards, in good and satisfactory condition, and in accordance with the provisions of the contract.

"Party of the first part has also received 50,000 No. 1 cottonseed meal bags in good and satisfactory condition, said cottonseed meal bags being invoiced at three thousand five hundred fifty dollars ($3,550), upon which invoice cash payment of fifteen hun-

dred dollars ($1500) has been made, leaving a balance due of two thousand fifty dollars ($2050), which is to be paid by party of the first part, within twenty-four (24) hours after the presentation of the bill of lading for said cotton seed meal bags with draft attached for two thousand fifty dollars ($2050) at the Liberty Savings Bank & Trust Company, Memphis, Tennessee.

"Party of the second part acknowledges receipt of fifteen hundred dollars ($1500) cash payment on said cottonseed meal bags and agrees to permit the party of the first part twenty-four (24) hours within which to make payment of the two thousand fifty dollars ($2050) draft attached to the bill of lading for said meal bags. after the arrival of said bill of lading and draft at the Liberty Savings Bank & Trust Company, of Memphis, Tennessee.

"Both parties agree that when the said two thousand fifty dollars ($2050) draft attached to the bill of lading and sent to the Liberty Savings Bank & Trust Company, of Memphis, Tennessee, shall have paid as hereinabove set forth, that the same will constitute a complete settlement and discharge between said parties of all claims, obligations and controversies of every nature whatsoever now existing between them.

"Tennessee Bag & Burlap Company,

"By (Signed) Campbell, Meyers & Simmons,

"Attorney for S. H. Epstein,

"Sole Owner.

"Texas Bag & Burlap Company,

"By (Signed) O. Wolfe,

"Sole Owner."

To the pleas of the defendant the plaintiff filed the following replication:

"Comes the plaintiff and for answer to the plea of the general issue and to the contract attached to it and so answering saith:

"He denies that he entered into a contract such as is exhibited to the answer of the defendant, Texas Bag & Burlap Company, and his plea is non est factum."

The above plea of non est factum does not appear to have been sworn to, but no question seems to have been made of this either in the trial of the case below or in this court. Hence it will be considered as having been waived.

The case was tried before a jury in the circuit court and the verdict of the jury was in favor of the defendant, and upon the verdict the suit was dismissed and judgment for costs rendered by the court in favor of the defendant. From this judgment of the court and the action of the court in overruling plaintiff's motion

for a new trial, plaintiff prayed and was granted an appeal to this court in the nature of a writ of error, and the appeal has been perfected and errors assigned.

All of the assignments of error are directed to certain portions of the general charge given by the court to the jury, and will be referred to further in this opinion.

The facts necessary to be set out are, in brief, as follows: On the 15th day of April, 1926, the plaintiff, through its agent and employee, one L. Werthan, entered into two contracts with the defendant, one for the purchase of a quantity of sugar bag cloth, purchased by plaintiff, Epstein, trading under the firm name of the Tennessee Bag & Burlap Company, from Wolfe, trading under the name of Texas Bag & Burlap Company, located at Houston, Texas. The Tennessee Bag & Burlap Company was located in Memphis, Tennessee. The other contract covered 50,000 cottonseed meal bags. The purchaser was to pay for the sugar bags and did pay for the same and they were to be stored free of charges in the warehouse of the Texas Bag & Burlap Company in Houston, Texas. The meal bags were to be shipped in August, 1926, with sight draft attached to the bill of lading. The plaintiff denied that he had purchased or authorized the purchase of the cottonseed meal bags, and refused to accept the same in August, 1926, and to pay for the same according to the terms of the contract, claiming that he had not bought the bags and that his employee Werthan who signed the contract was intoxicated at the time he signed the contract, and he therefore repudiated the contract with reference to the cottonseed meal bags. There had been a decline in the value of the cottonseed meal bags by the delivery date in August, 1926. It appears that there had also been an advance in the price of the sugar bags. The defendant refused to turn over the sugar bags to the plaintiff unless the plaintiff would accept and pay for the cottonseed meal bags. There were other differences between the parties, and each contended for claims they had against the other. This resulted, after the exchange of some correspondence between the parties, in Epstein going to Houston, Texas, in August, 1926. Several conferences were held between Epstein and Wolfe in an effort to adjust their differences. They both procured attorneys, and after numerous conferences an agreement was reached between them. By the terms of the agreement Wolfe agreed to deliver the sugar sacks and to ship the same according to shipping instructions, after the same had been inspected to the satisfaction of Epstein, and also agreed to ship the cottonseed bags to plaintiff in Memphis. In pursuance of this agreement Epstein paid cash $1500 of the purchase price of the cottonseed bags, and agreed that they should

be shipped to Memphis with sight draft attached to the bill of lading for the difference, amounting to the sum of $2050, the same to be paid by plaintiff within twenty-four hours after the draft was received in Memphis with bill of lading attached, and it was further agreed that upon the payment of the draft by plaintiff that all differences and matters between the parties would be fully settled. After the agreement was reached, but before the contract was actually drawn up, evidencing the entire settlement, plaintiff left Houston, and left the matter in the hands of his attorney. After the bags and sugar sacks were inspected and loaded into the cars for shipment, the draft with bill of lading attached was sent to Liberty Savings Bank & Trust Company in Memphis, and upon presentation plaintiff paid the same and promptly attached the money by garnisheeing the bank, and which attachment is made the basis of this suit on the matters set forth in the declaration.

The plaintiff admits that at the time he agreed to the settlement with Wolfe in Houston, Texas, he did so with the intention of paying the draft and attaching the money in Memphis, and that he resorted to this method in order to get the sugar bags released and shipped and to get the other matters settled, and without any intention of complying with the agreement. He also denies that he authorized his attorney, Mr. Allen, a reputable lawyer of the Houston, Texas, bar, and who represented him in the transaction, to sign the agreement in the form it was drawn. Mr. Allen was a witness in behalf of the defendant and testified that the agreement was drawn in accordance with the instructions given him by Epstein, and testified that it was intended as a full and complete settlement and adjustment of the respective claims of the respective parties, and that he understood it to be in good faith, and that he was fully authorized to sign the same for his client. We think it clear from the record that this instrument was intended and did cover the settlement agreed upon between the parties, and operated as a complete accord and satisfaction.

There is no assignment of error that there was no evidence to support the verdict of the jury on the question of the accord and satisfaction, and as above stated all of the several assignments of error are directed to portions of the charge of the court.

We deem it unnecessary to take up these assignments of error separately. We have examined the portions of the charge of the court complained of by appellant, and we have carefully examined the entire charge, and we believe it to be a very full, sufficient and fair charge when taken in its entirety. In one place, either by error in transcribing the charge, or by oversight or inadvertence, the word "compromise" is used where the court intended to say "con-

firmance" in speaking of the effect that accepting a part of the goods shipped and refusing to accept and pay for other parts of the goods. Again where the court inadvertently first stated "plaintiff's special request" and promptly corrected it by the statement immediately following, "I mean defendant's special request." This certainly could not have in any sense prejudiced the jury or mislead the jury, as the court made clear his meaning to the jury. We are of the opinion that the charge of the court when considered in its entirety fully presented the issues to be determined by the jury, as well as the law of the case.

It results that the assignments of error are overruled and the judgment of the lower court is affirmed. Appellant and surety on the appeal bond will pay the cost of this appeal.

Owen and Heiskell, JJ., concur.